then· to the grandmother, uncles, and aunts, on the same side, and their descendants, or such of them as there be." Afterwards comes the following clause: "The descendants ·of any person deceased shall inherit the estate, which such person would have inherited, had such person survived the intestate." And immediately succeeds the following clause: "When the title to any real estate of inheritance, as to which the person, having such title, shall die intestate, came by descent, gift, or devise, from the parent or other kindred of the intestate, and such intestate die without children, such estate shall go to the kin next to the intestate, ·of the blood of the person from whom such estate came or descended, if· any there be." Moses Dexter died seised of the estate in question intestate; he took the estate by descent from an ancestor, to whom all the parties are of the whole blood. All the claimants stand in the relation of first or second cousins to the intestate. The argument on behalf of the plaintiff is, that, under the clause of the statute last quoted, this being an ancestral estate, none but persons, who are of kin next to the intestate, can inherit; and although all the claimants are of the whole blood, yet the first cousins are alone, in the sense of the act, next or nearest of kin. The second cousins, such as Martha Howell, are not, within the clause, next of kin.

If the case stood singly upon this clause of the statute, the argument would be irresistible, for the first cousins are nearer of kin than the second. But the prior clause in the statute provides for the right of representation of all descendants. If Waite Dexter, or Waite Brown, had ˙survived the intestate, they would doubtless have been entitled to share in the estate. By this clause the descendants, by representation, are to inherit, as their ancestor would, if the ancestor had survived the intestate. It is argued, that this clause is not applicable to special cases, like the present, but only to cases falling within the general scheme of descents traced out by the act. But there is nothing in the act itself, which leads to such a conclusion. The mere priority of the clauses in the act establishes nothing; for each is an independent canon, and must be construed to apply to all cases, to which it may, in its general sense, be applied. The clause itself is universal and absolute in its terms. It includes all cases. What ground is there for the court to narrow down its universality? Under the old law of descents, no right of representation was allowed, except as far as brothers' and sisters' ·children. The act of 1822 abolished this limitation, and allowed this right of representation ad infinitum. The clause, as to ancestral estates, is perfectly sensible and correct without any limitation. Its object plainly is to ascertain, who are of the whole blood; and when this is ascertained, the scheme of descents is the same as in common cases. In other words, the next of kin are to be ascertained by the general regulations of the act; and these provide for an indefinite representation by descendants of the person, who, if living, would have been the next of kin.

The judgment of the court is, that the plaintiff is entitled to recover only one eighteenth part of the estate. Judgment accordingly.

DEXTER (EARL v.). See Case No. 4,242.

## Case No. 3,861.
### DEXTER v. HAIGHT.

[Cited in Smith v. Atlantic Mut. Fire Ins. Co., Case No. 13,005. Nowhere reported; opinion not now accessible.]

DEXTER (HALL v.). See Case No. 5,929.

## Case No. 3,862.
### DEXTER v. HARRIS et al.
[2 Mason, 531.][1]

Circuit Court, D. Rhode Island. June Term, 1822.

VENDOR AND VENDEE—BONA FIDE PURCHASERS—CONSTRUCTIVE NOTICE—PURCHASE BY ADMINISTRATOR — MORTGAGE — NATURE OF TITLE—RELEASE OF EQUITY OF REDEMPTION.

1. A bona fide purchaser for a valuable consideration, without notice of any fraud in the grant to his vendor, shall hold the estate against the original grantor and his heirs.

2. Where real estate of an intestate was ordered by the legislature to be sold by a person appointed by the legislature, for payment of his debts, the general administrator upon the estate may be a purchaser at the sale. If the sale by the agent be fraudulent, yet a bona fide purchaser without notice shall hold against the heirs of the deceased.

3. A mortgage in fee conveys an estate at law, upon which a real action may be maintained. A release of the equity of redemption does not operate by way of merger of the estate conveyed by the mortgage, but as an extinguishment of the equity of redemption.

[Cited in Dundas v. Bowler, Case No. 4,140; U. S. v. Stowell, 133 U. S. 19, 10 Sup. Ct. 248.]

4. A purchaser has not by law constructive notice of all matters of record; but only of such, as the title deeds of the estate refer to, or put him upon inquiry for.

5. A release to a purchaser at a marshal's sale by the judgment debtor, who holds the estate under two titles, one by mortgage, and the other by a distinct conveyance, conveys both titles to the purchaser.

Ejectment, in the nature of a real action, according to the local practice. This case was tried at the last November term in this district, and a verdict found for the plaintiff [Edward Dexter] upon the following facts: Both parties claimed a title to the demanded

---

[1] [Reported by William P. Mason, Esq.]